IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BASIR MATEEN RAZZAK,            )
                                )
        Plaintiff,               )
                                )
    v.                          )   1:15CV1016
                                )
ACKOYT, et al.,                 )
                                )
        Defendant(s).            )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Basir Mateen Razzak, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). According to the Complaint, Plaintiff at one time took blood pressure medication while housed by the North Carolina Department of Public Safety. However, in January of 2014, he stopped taking the medication and attempted to control his blood pressure through diet and exercise. A doctor later prescribed a daily aspirin for him to take. On March 2, 2015, Plaintiff temporarily transferred into the custody of the Forsyth County Sheriff's Department which housed him at the Forsyth County Detention Center in Winston-Salem, North Carolina. Medical personnel at the Detention Center took his blood pressure on that day and on the two following days. They also obtained his medical records from his prior prison. On March 4, 2015, a nurse gave Plaintiff three pills to take.

When he asked why there were three pills for one aspirin, she said it was his aspirin. However, he later learned that one of the medications was blood pressure medication. Plaintiff received the medication for nearly two weeks. However, on March 17, 2015, he saw Nurse Practitioner Ackoyt and asked her whether his aspirin was coated, whether he could change the time he took it, and why there were three pills for one aspirin. She then informed him that she had ordered blood pressure medication for him. Plaintiff stated that he did not know about or consent to the blood pressure medication, to which Ackoyt replied that she would stop the blood pressure medication and continue with only the aspirin. Plaintiff alleges that a few minutes later the blood pressure medication caused his blood pressure to drop leading to what he describes in his Complaint as "a seizure of his conscious a (stroke)" that lasted for 10-12 minutes. In administrative grievances he attaches to the Complaint, he described the incident as both passing out and dying. Upon regaining consciousness, a detention officer had Plaintiff sit in a chair while he called medical personnel. Plaintiff does not report what, if any, medical treatment followed. However, he later filed grievances concerning the incident and the administration of the blood pressure medication without his knowledge or consent. During the administrative grievance process, Plaintiff learned that Dr. Rhoades, not Nurse Practitioner Ackoyt, ordered the blood pressure medication.

Based on these alleged facts, Plaintiff names Ackoyt and Rhoades as Defendants, claiming that they assaulted him and intended to harm or kill him by giving him blood pressure medication without his knowledge or consent. He also names Head Nurse Grizzard,

who he claims witnessed Plaintiff taking medication that he knew would cause a seizure or stroke, as a Defendant. In addition to these persons, Plaintiff names as Defendants CCS Correct Care Solutions, the entity providing medical care at the Detention Center, and the Forsyth County Detention Services Bureau, which he claims is the entity with responsibility for operating the Detention Center. He explicitly names both of these entities on a theory of *respondeat superior*, seeking to hold them responsible in a supervisory capacity for the actions of the individual Defendants.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some

-3-

Case 1:15-cv-01016-LCB-LPA Document 4 Filed 12/22/15 Page 3 of 8

internal quotation marks omitted).  As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint.  Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional.  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted).  In making such findings, this Court may "apply common sense."  Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id. (quoting Twombly, 550 U.S. at 557).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

As for Defendants CCS Correct Care Solutions and the Forsyth County Detention Service Bureau, those entities are not persons and, therefore, not proper parties under § 1983. Moreover, Plaintiff explicitly names those Defendants on the theory of *respondeat superior*. Theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Plaintiff's claims against CCS Correct Care Solutions and the Forsyth County Detention Service Bureau should be dismissed accordingly.

Turning to the individual Defendants, Plaintiff alleges that Defendant Rhoades and/or Defendant Ackoyt prescribed blood pressure medication for him without informing him or obtaining his consent. He also claims that Defendant Grizzard saw him take that medication

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

without his knowledge or consent. He further alleges that Defendants knew that this would cause a seizure or stroke and Plaintiff's death. Therefore, he describes Defendants' actions as an assault and a violation of his right under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment.

Plaintiff alleges no facts to support these conclusory allegations as to Defendants' motives in prescribing and administering the blood pressure medication. His claim that they attempted to kill him or cause a serious medical problem such as a stroke or seizure is without any factual basis whatsoever. He fails even to provide a possible motive or reason for any such intent. His claim that three medical personnel would without reason attempt to kill or seriously harm a prisoner who temporarily transferred into their care only a day or two before they began administering the blood pressure medications is the type of fanciful and frivolous allegation that rises to the level of being irrational or wholly incredible. The Court should reject it as such. Instead, Plaintiff's factual allegations, as opposed to his baseless conclusions and hyperbole, are far more in line with a simple failure to properly consult with Plaintiff prior to prescribing and administering medication. Such conduct, without more, does not state a claim for relief under § 1983. Plaintiff would have to allege facts demonstrating that Defendants acted with the specific intent to induce him to undergo a treatment he would have otherwise declined. Alston v. Bendheim, 672 F. Supp. 2d 378, 384-85, (S.D.N.Y. 2009) (collecting cases). He alleges no facts to establish that intent, but instead alleges that medical personnel measured his blood pressure and obtained his prior

medical records. These records showed that he had taken blood pressure medication at one time. In light of their measurements of his blood pressure at the time he entered the Forsyth County Detention Center, they decided to reinstate that medication. There is no sign they knew that Plaintiff would be opposed to that course of treatment or would object as he did, but sought to circumvent his objections. In fact, when informed by Plaintiff that he did not wish to take blood pressure medication and did not know it was being administered, Defendant Ackoyt immediately stopped the medication. At most, Plaintiff's allegations are consistent with a negligent failure to properly consult with him regarding the blood pressure medication. However, allegations of negligence and medical malpractice do not state claims under § 1983. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). Plaintiff's claims should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation. Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $6.67. Failure to comply with this Order will lead to dismissal of the complaint.

Finally, Plaintiff also submitted a Motion (Docket Entry 3) seeking an appointment of counsel in this case. Given the recommendation of dismissal and the lack of merit in the Complaint, the Motion seeking counsel will also be denied.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket Entry 3) is denied.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $6.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of February of 2016, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

This, the 22nd day of December, 2015.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**