IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BASIR MATEEN RAZZAK, )
)
        Plaintiff, )
)
        v. )     1:15CV1016
)
ACKOYT, et al., )
)
        Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Basir Mateen Razzak, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 based on allegations of inadequate medical care and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The undersigned reviewed the Complaint pursuant to 28 U.S.C. § 1915A(a) and entered and Order and Recommendation (Docket Entry 4) that the Complaint be dismissed for being frivolous or malicious or for failing to state a claim upon which relief could be granted. Plaintiff filed an Objection (Docket Entry 6) to the recommendation of dismissal, but also filed a Motion for Leave to File an Amended Complaint (Docket Entry 7), together with a proposed Amended Complaint. Under Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff may amend his Complaint once as a matter of course because Defendants have not filed any responsive pleading. Therefore, the Court will grant Plaintiff's Motion and will accept the Amended Complaint.

Although the Court accepts the Amended Complaint for filing, Plaintiff remains "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" the Amended Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

The Court notes that although the Amended Complaint incorporates the original Complaint, none of the additional allegations in the Amended Complaint change or affect the earlier recommendation that the claims initial Complaint should be dismissed. Also, to the extent that Amended Complaint again raises the earlier causes of action, they should be dismissed for the same reasons set out in the prior Order and Recommendation. For the reasons that follow, any new claims in the Amended Complaint should also be dismissed pursuant to 28 U.S.C. § 1915A(b).

The first failing in the Amended Complaint is that it seeks to remove "Basir Mateen Razzak" as the Plaintiff and replace him with "The Nation of Islam." This is not proper. Plaintiff is proceeding pro se and, for that reason, cannot raise claims based on the interests

-4-

of other persons or entities.  Warth v. Seldin, 422 U.S. 490, 499 (1975); Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005).   He can raise claims only for himself based on deprivations of his rights and The Nation of Islam is not a proper party.

Next, Plaintiff seeks to substitute the State of North Carolina for the other Defendants in the case and to change the nature of his suit from one brought under § 1983 to one brought under the Federal Tort Claims Act.  The Federal Tort Claims Act allows private tort actions against the United States of America in certain circumstances.  United States v. Olson, 546 U.S. 43, 44 (2005).  The State of North Carolina is a separate sovereign and Plaintiff alleges no acts by any federally connected party in this case.  Therefore, the Federal Tort Claims Act is wholly inapplicable.  Further, to the extent that Plaintiff might be attempting to sue North Carolina under § 1983 or some other cause of action, this attempt also fails.  The State is not a "person" amenable to suit under § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Also, based on the Eleventh Amendment of the United States Constitution and sovereign immunity, the State is not liable for damages for other potential causes of action.  Pennhurst St. Schl., supra; Mary's House, Inc. v. North Carolina, 976 F. Supp. 2d. 691, 697 (M.D.N.C. 2013).  Plaintiff's allegations against the State of North Carolina all fail.

Finally, Plaintiff's initial Complaint focused on alleged problems with medical treatment, but his Amended Complaint centers on allegations surrounding his criminal prosecution and subsequent convictions.  To the extent that Plaintiff seeks to raise claims that would necessarily undermine those convictions, he cannot do so in this action without first showing that such convictions have been reversed on direct appeal, expunged by Executive

Order, declared invalid by a state tribunal, or called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). If Plaintiff seeks to explicitly challenge the convictions, he can do so in this Court only by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting any available remedies in the state courts. He cannot raise habeas claims under § 1983 or the Federal Tort Claims Act. For all of the foregoing reasons, the Amended Complaint should be dismissed.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation and that the Court's prior order regarding Plaintiff's *in forma pauperis* status and the payment of the filing fee in this case remain in place.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry 7) is granted and that the Amended Complaint is accepted for filing.

IT IS RECOMMENDED that the Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious, failing to state a claim upon which relief may be granted, and for seeking monetary damages from a party immune from such damages.

This, the 7th day of January, 2016.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**