IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BASIR MATEEN RAZZAK,            )
                                )
            Plaintiff,           )
                                )
v.                               )         1:15CV1016
                                )
ACKOYT, et al.,                  )
                                )
            Defendants.          )

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Plaintiff's Motion to Alter or Amend the Judgment (Docket Entry 18). (See Docket Entry dated Apr. 8, 2016.) Via Order and Judgment entered on February 22, 2016, the Court (per United States District Judge Loretta C. Biggs) dismissed this action. (Docket Entries 15, 16.) Plaintiff thereafter filed an untimely Objection (Docket Entry 17), as well as the instant Motion (Docket Entry 18), both of which simply argue that the Court reached the wrong result in dismissing this action.

Plaintiff purports to proceed pursuant to the Federal Rules of Appellate Procedure (see id. at 1, 2), which apply to filings in federal appellate courts, not in this Court, see Fed. R. App. P. 1(a)(1). "In cases where a party submits a motion . . . [that] does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from

a judgment or order." In re Burnley, 988 F.2d 1, 2 (4th Cir. 1992). The Court should deny relief under either provision.

The Court may grant a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see also Madison River Mgmt. Co. v. Business Mgmt. Software Corp., 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005) ("A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." (internal quotation marks omitted)). Nevertheless, "[p]ublic policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided." Akeva, LLC v. Adidas Am., Inc., 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005). The Court should deny relief under Rule 59(e), because (in both his untimely Objection and the instant Motion) Plaintiff cited no new, intervening evidence or law that would warrant altering or amending the Court's Order and Judgment and he makes no convincing argument that the Court committed a

2

clear error of law in dismissing his case, but instead merely reargued his previously-stated positions.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[,] including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). As with Rule 59(e), "[w]here the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982). Plaintiff's instant Motion (even if construed in conjunction with his untimely Objection) does "not provide any proper grounds for relief under Rule 60(b), as [Plaintiff] simply sought to reargue the merits of the [case]." Boone v. North Carolina, No. 88-6518, 896 F.2d 545 (table), 1990 WL 13008, at *1 (4th Cir. Jan. 26, 1990) (unpublished).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Alter or Amend Judgment (Docket Entry 18) be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 15, 2016

3